UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY BELL, | ) |
| Plaintiff, | ) |
| v. | )   No. 21-cv-4045-JBM |
| .CLEVENGER , et al., | ) |
| Defendants. | ) |

## MERIT REVIEW ORDER

Plaintiff, a civil detainee at the Rushville Detention and Treatment Center, seeks leave to proceed *in forma pauperis*. The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

### FACTS

Plaintiff is no stranger to this Court, having filed 41 lawsuits while civilly detained at the Rushville Treatment and Detention Center under the Illinois Sexually Violent Persons

Commitment Act, 725 ILCS 207/1, *et seq*. Here, Plaintiff alleges that on March 11, 2021, Defendant security officers Clevenger, Stover, and Kirk confined him to his cell, telling him that he had been placed on administrative investigation lockdown. Plaintiff objected to be locked in his cell without knowing the charges against him. During this exchange, Defendants allegedly asked Plaintiff why he was suing unidentified staff members.

Within the hour, a treatment therapist arrived and asked Plaintiff, whether he had thoughts of hurting himself. Plaintiff answered in the negative. The following morning, a nurse arrived at his cell to do another mental health assessment. At 10:30 a.m., unidentified security personnel told Plaintiff he was being investigated for "attempt security," and was being taken to segregation. When Plaintiff refused to be handcuffed, he was told that a tactical team would be called. Plaintiff continued in his refusal, and here, cites administrative regulations to support that he had a right to know why he was being placed on attempt security.

The tactical team responded and, immediately prior, the lights in Plaintiff's cell were allegedly turned off so the encounter could not be recorded. While Plaintiff claims excessive force, he does not allege that he was struck, or describe any act of excessive force. He claims only that he had more than $300 worth of food destroyed, in addition to the loss of clothes and an electric typewriter. Plaintiff claims, without context, that he suffered superficial injuries and pain to his joints.

After being taken to segregations, Plaintiff was issued a disciplinary ticket after a guard claimed to have overheard him threaten another resident, saying "snitches get stitches" and that the other would get his "ass beat." Plaintiff denies making such statement and faults Defendants Clevenger, Stover, and Kirk for not investigating the allegations prior to placing him in segregation. He also complains that the disciplinary report does not provide the name of the

individual who drafted the report or the name of the shift commander who signed off on it. Plaintiff does not attach a copy of the report to his complaint. He also fails to identify how long he was held in segregation, although he complains that he was held there without access to his family and friends, social activities, and "basic entertainment."

On these sparse facts, Plaintiff asserts that his due process and free speech rights were violated; that he was subjected to cruel and unusual punishment, excessive force, and retaliation; that he was denied access to the courts; and that Defendants are liable to him for creating false reports. Plaintiff requests a criminal investigation of the matter as well as compensatory damages for the First Amendment and Fourteenth Amendment violations.

## ANALYSIS

Since Plaintiff is a civil detainee rather than convicted prisoner, his § 1983 claim is reviewed under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. *Smego v. Payne*, 469 Fed.Appx. 470, 474 (7th Cir. 2012). To successfully proceed on his claims, Plaintiff must successfully plead that Defendants' conduct was objectively, rather than subjectively unreasonable. In other words, that Defendants "knew, or should have known, that the condition posed an excessive risk to health or safety" and "failed to act with reasonable care to mitigate the risk." *Darnell v. Pineiro*, 849 F.3d 17, 35 (2nd Cir. 2017). This standard is higher than that required to prove negligence, or even gross negligence and is "akin to reckless disregard." *Miranda v. County of Lake*, 900 F.3d 335, 2018 WL 3796482 at *12 (7th Cir. 2018).

Plaintiff claims that his due process rights were violated in that Defendants did not follow administrative procedures when they investigated and charged him with the offense. The alleged violation of a rule, however, is not a sufficient basis to allege a constitutional claim. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from

3

constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices.") Furthermore, to successfully proceed on a procedural due process claim, Plaintiff must have been deprived of a protected liberty or property interest. *Hamlin v. Vaudenberg,* 95 F.3d 580, 584 (7th Cir. 1996). A term in segregation will implicate a liberty interest only if the conditions there are atypical. *Marion v. Columbia Correction Inst.,* 559 F.3d 693, 697 (7th Cir. 2009). Plaintiff does not sufficiently plead this here.

In addition, if Plaintiff were convicted of the offense and subject to discipline which implicated a protected interest, he would be *Heck*-barred from pursuing the claim until his conviction or sentence has been overturned or otherwise invalidated[1]. *Heck* provides that a plaintiff may not bring a § 1983 action for damages which challenge a conviction, if a judgment in his favor would necessarily imply the invalidity of that conviction or sentence unless "the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. *See Edwards v. Balisok,* 520 U.S. 641, 648 (1997) (applying *Heck* to prison disciplinary proceedings which result in loss of good time credit). If Plaintiff repleads, he is to address whether he was convicted and disclose the sentence he received.

While Plaintiff denies having made the threatening statements, he complains that he was disciplined for "speaking in a certain way," in violation of his First Amendment rights. While Plaintiff has a protected right to free speech, constitutionally protected speech is that which involves issues of "'public concern' rather than a 'personal grievance' of the speaker." *Wilson v. Greetan*, 571 F. Supp. 2d 948, 957 (W.D. Wis. 2007). Here, Plaintiff's allegedly threatening statements to another do not involve matters of public concern and are not protected. *See Brookins v. Kolb,* 990 F.2d 308, 313 (7th Cir. 1993). *See also, Felton v. Huibregtse*, 525 Fed.

---

[1] *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

Appx. 484, 487 (7th Cir. 2013) (prisoner's insulting letter to staff member was not protected speech).

As noted, Plaintiff asserts a Fourteenth Amendment claim that he was subjected to cruel and unusual punishment, being confined to a segregation cell for an undisclosed period of time. Plaintiff does not, however, claim that he was held under particularly poor conditions. As a result, he fails to identify an excessive risk to his health or safety to which Defendants failed to reasonably respond. *Darnell*, 849 F.3d at 35.

As previously noted, Plaintiff summarily claims that he was subjected to excessive force but provides no detail to support this claim. Furthermore, Plaintiff admits that he refused to comply when ordered to be handcuffed. *See Tatum v. Lucas*, No. 11-1131, 2019 WL 652854, at *17 (E.D. Wis. Feb. 15, 2019) ("it is reasonable for an officer to restrain an inmate who had just finished resisting an order.") *Reid v. Melvin*, 695 Fed.Appx. 982, 983 (7th Cir. 2017) (if *de minimus* force is exercised there must be some justification for the use of that force.)

Plaintiff also alleges that the three Defendants placed him in segregation out of retaliation. Plaintiff was cited, however, after an officer allegedly overheard him threatening another. While Plaintiff claims that the officer's claim was false, he has not named the officer as a Defendant and offers no reason as to why this individual would falsely charge him. *Sanders v. Bertrand*, 72 Fed.Appx. 442, 2003 WL 21490953 (7th Cir. June 27, 2003) (dismissing retaliation claim at merit review). A retaliation claim cannot proceed where it is based on speculation which "rests only on personal beliefs that cannot be substantiated." *Id*.

While Plaintiff claims that the named Defendants retaliated by placing him in segregation, he has clearly pled that another officer told them that Plaintiff had threatened a resident. Plaintiff does not assert that one cited for such threats would not ordinarily have been disciplined in such

a manner, or why he believes his segregation placement evidenced retaliation. *See Santiago v. Anderson*, 496 Fed. Appx. 630, 633–34 (7th Cir. 2012) ("[plaintiff's] premise—that every ill befalling him must be retaliatory because everyone knows him to be litigious and a frequent correspondent with the grievance officer—falls short of stating a claim even under notice pleading.")

Plaintiff also alleges that he placed in segregation without his access to his property, jeopardizing his ongoing litigation. Plaintiff does not reveal how long he was held in segregation and does not identify any specific detriment he suffered. In asserting a lack of access to the courts, a Plaintiff must identify '…some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of the plaintiff's pending or contemplated litigation.'" *Shango v. Jurich,* 965 F.2d 289, 291 (7th Cir.1992).

Plaintiff's claim that Defendants created "false reports" is not explained or sufficiently pled so as to place Defendants on notice of the claims against them. Fed. R. Civ. P. 8(a) requires a "'short and plain statement of the claim' sufficient to notify the defendants of the allegations against them and enable them to file an answer." *Marshall v. Knight,* 445 F.3d 965, 968 (7th Cir. 2006). Even if it were otherwise, the claimed filing of false reports does not implicate a cognizable constitutional interest.

Plaintiff is also placed on notice that he is not eligible for some of the relief he requests. While he requests compensatory damages, if he has not suffered a physical injury, such relief is not available to him. *See* 42 U.S.C. § 1997e(e); *Thomas v. Illinois,* 697 F.3d 612, 614–15 (7th Cir. 2012). Furthermore, to the extent that Plaintiff asks that Defendants be criminally investigated, the Court does not have the authority to order such an investigation. *See Felder v. Parke*, 17 Fed. Appx. 410, 413 (7th Cir. 2001) (the federal courts do not have the authority to

grant relief in the form of the filing of criminal charges or the firing of defendants). *See also, Johnson v. Piontek,* 799 Fed. Appx. 418, 419 (7th Cir. 2020) (a private citizen cannot pursue claims under federal or state criminal statutes).

**IT IS THEREFORE ORDERED:**

Plaintiff's Petition to Proceed in forma pauperis [ECF 3] and to waive the initial filing fee [ECG 6] are DENIED. The complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 21 days from the entry of this order in which to replead his claims. The pleading is to be captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.

 _7/28/2021_                                           _s/Joe Billy McDade_  
ENTERED                                             JOE BILLY McDADE  
                                                     UNITED STATES DISTRICT JUDGE